IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNELL WILLIAMS,

    Petitioner,                    No. 2: 10-cv-0364 KJM KJN P

    vs.

KATHLEEN L. DICKINSON,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2007 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

////

1          A protected liberty interest may arise from either the Due Process Clause of the
2  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3  expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
4  221 (2005) (citations omitted); <u>see</u> also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).
5  The United States Constitution does not, of its own force, create a protected liberty interest in a
6  parole date, even one that has been set. <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981);
7  <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or
8  inherent right of a convicted person to be conditionally released before the expiration of a valid
9  sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a
10  presumption that parole release will be granted' when or unless certain designated findings are
11  made, and thereby gives rise to a constitutional liberty interest." <u>Greenholtz</u>, 442 U.S. at 12; <u>see</u>
12  also <u>Allen</u>, 482 U.S. at 376-78.

13          California's parole statutes give rise to a liberty interest in parole protected by the
14  federal due process clause. <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL
15  197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless
16  there is "some evidence" of his or her current dangerousness. <u>In re Lawrence</u>, 44 Cal.4th 1181,
17  1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002). However, in
18  <u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports
19  converting California's 'some evidence' rule into a substantive federal requirement." <u>Swarthout</u>,
20  2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can
21  be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
22  parole proceeding. <u>Id</u>. at *3. Rather, the protection afforded by the federal due process clause to
23  California parole decisions consists solely of the "minimal" procedural requirements set forth in
24  <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why
25  parole was denied." <u>Swarthout</u>, at *2-3.
26  ////

Here, the record reflects that petitioner was present at the 2007 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 23-101.) According to the United States Supreme Court, the federal due process clause requires no more. For these reasons, this claim must be denied.

Petitioner also argues that the Board's decision to defer his next parole suitability hearing for three years after several one year deferrals violated his right to due process. In particular, petitioner argues that the decision to defer his next hearing for three years was not supported by sufficient evidence.

This claim appears to be based entirely on state law. Federal habeas corpus relief does not lie for a violation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner has cited no federal authority for the proposition that a due process violation results if a state parole board defers parole suitability hearings beyond a certain period of time. Cf. Garner v. Jones, 529 U.S. 244, 251-52 (2000) (retroactive application of Board's amended rule, changing frequency of required reconsideration hearings for inmates serving life sentences from every three years to every eight years, did not necessarily violate Ex Post Facto Clause); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 501 (1995) (California statute amending parole procedures to allow the Board to decrease the frequency of parole suitability hearings under certain circumstances did not violate Ex Post Facto Clause as applied to petitioner who was convicted prior to the amendment).

Even if the Board's decision to defer petitioner's next parole suitability hearing for three years was in violation of some provision of California law, a violation of state mandated procedures will constitute a due process violation only if it brings about a fundamentally unfair result. Estelle, 502 U.S. at 65. Because petitioner received all the process he was due at the 2007 suitability hearing, the undersigned does not find that the Board's deferral of his next hearing for three years is fundamentally unfair.

////

Finally, in his traverse, petitioner raises two new claims. First, petitioner argues that the Board's characterization of his second degree murder conviction as being "calculated and dispassionate" violates his plea agreement because he did not plead guilty to first degree murder. Second, petitioner argues that the District Attorney who appeared at the 2007 hearing violated his plea agreement by characterizing it as "callous and dispassionate."

Because petitioner's petition did not raise these claims, they are disregarded. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). In any event, although characterized as alleging a violation of petitioner's plea agreement, these claims are without merit as they are encompassed by petitioner's claim that the Board's decision violated his right to due process.

For the reasons discussed above, petitioner's habeas corpus petition should be denied.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

1 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | DATED:  February 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will364.157